1 | George E. Hays (State Bar No. 119904)
Attorney at Law
2 | 236 West Portal Avenue, #110
San Francisco, CA 94127
3 | Tel:( 415) 566-5414, Fax: (415) 731-1609

4 | Attorney for Plaintiffs
Our Children's Earth Foundation and
5 | Communities for a Better Environment

6 | J. Scott Kuhn (State Bar No. 190517)
Communities for a Better Environment
7 | 5610 Pacific Blvd., Suite 203,
Huntington Park, CA 90255
8 | Tel: (323) 826-9771; Fax: (323) 588-7079

9 | Richard Toshiyuki Drury (State Bar No. 163559)
Suma Peesapati (State Bar No. 203701)
10 | Communities for a Better Environment
1611 Telegraph Street, Suite 450
11 | Oakland, California 94612
Tel: (510) 302-0430; Fax: 510-302-0438

12 |
Attorneys for Plaintiff
13 | Communities for a Better Environment

14 | Marcus Squarrell
Ducker, Montgomery Lewis & Aronstein
15 | 1560 Broadway, Suite 1400
Denver, Colorado 80202
16 | Tel: (303) 861-2828; Fax: (303) 861-4017

17 |             UNITED STATES DISTRICT COURT

18 |             CENTRAL DISTRICT OF CALIFORNIA

19 | Communities for a Better          ) SACV 02-00252 DOC (MLGx)
Environment and Our Children's       )
20 | Earth Foundation,                 ) Consent Decree
                                      )
21 |                    Plaintiffs,   )
                                      )
22 |           vs.                    )
                                      )
23 | Crimson Resource Management      )
Corporation; DOES 1 through 5.       )
24 |                                  )
                   Defendants.        )
25 | _____)

26 |                 I.   BACKGROUND

27 |    WHEREAS, on March 11, 2002, plaintiffs Communities for a
28 | Better Environment and Our Children's Earth Foundation filed a

Complaint against Defendant Crimson Resource Management Corporation ("Crimson") pursuant to Section 304 of the Clean Air Act (the "Act"), 42 U.S.C. § 7604, alleging, inter alia, violations of the California State Implementation Plan and of conditions of Defendant's Title V permit related to the South Coast Air Quality Management Districts Regional Clean Air Incentive Market ("RECLAIM").

WHEREAS, the complaints seek declaratory and injunctive relief, the imposition of civil penalties, and Plaintiffs' costs of litigation;

WHEREAS, Defendant neither admits nor denies all of allegations in the complaint;

WHEREAS, Plaintiffs and Defendant (the "Parties") agree that the settlement of this action through this Consent Decree without further litigation is in the public interest, and is a fair, reasonable, and appropriate means of resolving all claims in the complaint;

WHEREAS, the Defendant has reduced NOx emissions by over 90% at its Sansienna Field operations through an electrification program;

WHEREAS, the Defendant is paying a significant penalty to the South Coast Air Quality Management District ("SCAQMD") for some of the violations alleged in the complaint in this action;

WHEREAS, pursuant to a settlement agreement between Crimson and SCAQMD regarding violations for the 2000 RECLAIM compliance year, Crimson is retiring 40,862 RECLAIM TRADING CREDITS ("RTCs");

1  WHEREAS, Plaintiffs acknowledge that defendant Crimson
2  did not have a violation in the 1999 RECLAIM compliance year;
3  and
4  WHEREAS, the Parties consent to the entry of this Decree
5  without further trial or appeal;
6  NOW, THEREFORE, it is hereby ORDERED AND DECREED as
7  follows:

## II. JURISDICTION AND VENUE

9  This Court has jurisdiction over the Parties to and the
10 subject matter of this action under Section 304 of the Act, 42
11 U.S.C. § 7604, the citizen suit provision of the Act and under
12 28 U.S.C. § 1331.

13 Venue is proper in this Judicial District under Sections
14 304(c) of the Act, 42 U.S.C. § 7604(c), and under 28 U.S.C.
15 § 1391.

## III. APPLICABILITY

17 The provisions of this Decree shall apply to and be
18 binding upon the Parties, as well as the Parties' officers,
19 employees, agents, successors and assigns.  Until termination
20 of this Decree pursuant to Section XI, Defendant agrees to
21 meet all requirements of this Decree.

## IV. INJUNCTIVE RELIEF

23 Within 30 days of entry of this Decree, Defendant shall
24 prepare, sign, and submit to the South Coast Air Quality
25 Management District Form 2007-2 permanently transferring to
26 Environmental Resources Trust the following future allocations
27 of Cycle 1 RECLAIM Trading Credits.  On Form 2007-2, each
28 transaction shall be marked with Buyer Code 05 (Retire RTCs

from market without issuance of physical certificate). The RTCs to be transferred are as follows:

///

| Cycle 1 RTCs to Be Transferred to ERT | |
|---|---|
| Number of RTCs | Expiration Year |
| 4900 | 2011 |
| 4900 | 2012 |
| 4847 | 2013 |

Defendant shall provide copies of the transfer documentation to plaintiffs within fourteen days of the filing of Form 2700-2 with SCAQMD.

## V. NOTIFICATIONS

Any notifications under this Decree shall be directed to the individuals at the addresses and/or fax numbers specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.

As to Plaintiffs:

>George E. Hays (State Bar No. 119904)
>Attorney at Law
>236 West Portal Avenue, #110
>San Francisco, CA 94127
>Tel:( 415) 566-5414, Fax: (415) 731-1609

and

>J. Scott Kuhn (State Bar No. 190517)
>Communities for a Better Environment
>5610 Pacific Blvd., Suite 203,
>Huntington Park, CA 90255
>Tel: (323) 826-9771; Fax: (323) 588-7079

As to Defendant:

>Gary Buntmann
>Vice-President
>Crimson Resources Management Corporation
>410 17th St. Suite 1010
>Denver, Colorado 80202

Consent Decree
*CBE & OCE v. Crimson Resource Management.*, Case No. SACV 02-00252 DOC (MLGx)                                    Page 4

Tel: (303) 825-7126; Fax: (303) 825-1035

## VI. STIPULATED PENALTIES

If Defendant fails to comply with its obligations under Section IV or VIII of this Decree, then Defendant shall pay a stipulated penalty of $1000 for each day that Defendant has failed to carry out this obligation.

Payment of all stipulated penalties shall be paid, without written demand therefor, directly to the United States within 30 days of their accrual. Payments of stipulated penalties shall be made directly to the United States Attorney for the Central District of California. A copy of this Decree shall be provided to the United States Attorney along with any stipulated penalty payment.

## VII. EFFECT OF SETTLEMENT

This Decree constitutes a complete and final release of all claims in the Complaint in this action including claims under state law. The failure of any Party to comply with any requirement contained in this Decree will not excuse the obligation to comply with other requirements contained herein. Nothing in this Decree shall preclude any Party from commenting on or objecting to any administrative, legislative or regulatory action, proposed action, approval or proposed approval that is inconsistent with the requirements of this Decree.

## VIII. COSTS AND ATTORNEYS' FEES

Defendant agrees that, pursuant to 42 U.S.C. §7604(d) and California Code of Civil Procedure section 1021.5, Plaintiffs

are both eligible and entitled to recover their costs of litigation in this action, including reasonable attorney fees, in an amount to be set forth in an agreement between the Parties. The Parties also agree that Plaintiffs are entitled to their reasonable attorneys fees for enforcement of this Consent Decree, should such enforcement become necessary.

## IX. MODIFICATION

Material modifications of this Decree must be in writing, signed by the Parties, and approved by this Court. No Party may petition this Court for a modification without having first made a good faith effort to reach agreement with the other Party on the terms of such modification. Modifications to this Decree may be made only upon written agreement of the Parties which shall be filed with the Court. Pursuant to 42 U.S.C. 7604(c)(3), the United States shall be provided with the opportunity to review and comment upon any proposed modification to this Decree.

## X. RETENTION OF JURISDICTION

Until termination of this Decree, this Court shall retain jurisdiction over both the subject matter of this Decree and the Parties to this Decree to enforce the terms and conditions of this Decree.

## XI. TERMINATION

This Decree shall remain an enforceable order of the Court until the Court determines in response to a petition by any Party that Defendants fulfilled the obligations in the Decree. The parties agree that Defendant shall have fulfilled the obligations under this Consent Decree by complying with

its obligations under Section IV of this Decree and paying fees and costs pursuant to the Agreement referenced in Section VIII of this Decree.

### XII. NOTICE OF DECREE

The Parties agree to cooperate in good faith in order to obtain the Court's review and entry of this Decree. Furthermore, pursuant to 42 U.S.C. § 7604(c)(3), this Decree was lodged with the Court and presented to the United States for its review and comment for a period of up to 45 days. The United States has completed its review. The parties now request that the Court enter this Decree. If the Decree is not entered by the Court, the parties shall retain all rights they had in this litigation before the lodging of the Decree, including the right of the Defendant to assert that this Court lacks subject matter jurisdiction.

### XIII. SIGNATORIES

Each undersigned representative of the parties certifies that he or she is fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind such Party to this document.

Each party hereby agrees not to oppose entry of this Decree by this Court or challenge any provision of this Decree.

### XIV. COUNTERPARTS

This Decree may be signed in counterparts.

///

///

THE UNDERSIGNED PARTIES enter into this Decree and submit it to this Court for approval and entry.

Dated: September 21, 2002 _____
Carlos Porras, Executive Director
COMMUNITIES FOR A BETTER ENVIRONMENT

Approved as to Form:

Dated: September 26, 2002 _____
Scott Kuhn, Attorney for
COMMUNITIES FOR A BETTER ENVIRONMENT

For OUR CHILDREN'S EARTH FOUNDATION

Dated: September 17, 2002 _____
Tiffany Schauer (by GH)
OCE Executive Director

Approved as to Form:

Dated: September 17, 2002 _____
George E. Hays
Attorney for COMMUNITIES FOR A
BETTER ENVIRONMENT and OUR
CHILDREN'S EARTH FOUNDATION

For Defendant Crimson Resource Management Corporation:

Dated: September __, 2002 _____
John D. Grier
President

**IT IS SO ORDERED.**

Dated: September 30, 2002 _____
Hon. David O. Carter
United States District Judge

THE UNDERSIGNED PARTIES enter into this Decree and submit it to this Court for approval and entry.

Dated: September __, 2002  _____
Carlos Porras, Executive Director
COMMUNITIES FOR A BETTER ENVIRONMENT

Approved as to Form:

Dated: September __, 2002  _____
Scott Kuhn, Attorney for
COMMUNITIES FOR A BETTER ENVIRONMENT

For OUR CHILDREN'S EARTH FOUNDATION

Dated: September __, 2002  _____
Tiffany Schauer
OCE Executive Director

Approved as to Form:

Dated: September __, 2002  _____
George E. Hays
Attorney for COMMUNITIES FOR A
BETTER ENVIRONMENT and OUR
CHILDREN'S EARTH FOUNDATION

For Defendant Crimson Resource Management Corporation:

Dated: September 23, 2002  _____
John D. Grier
President

**IT IS SO ORDERED.**

Dated: September __, 2002  _____
Hon. David O. Carter
United States District Judge

## Proof of Service of Consent Decree
### *CBE and OCE v. Crimson Resources Management*

I am employed in the County of Los Angeles, California. I am over the age of 18 and not a party to this action. My business address is 5610 Pacific Blvd., Suite 203, Huntington Park, CA 90255.

On September 26, 2002, I served the foregoing document described as **Consent Decree** on the parties listed below by:

[x] by placing a true and correct copy thereof in a sealed envelope and by causing the envelope to be sent, with postage fully prepaid via First Class United States Mail addressed to:

Gary Buntmann, Vice President
Crimson Resources Man.
410 17th Street, Suite 1101
Denver, Co 80202

Marcus Squarrell
Ducker, Montgomery, Lewis & Aronstein
One Civic Center Plaza
1560 Broadway, Suite 1400
Denver, Colorado 80202

Peter Oppenheimer, Attorney Advisor
Policy, Legislation and Special Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
P.O. Box 4390 Ben Franklin Station
Washington, D.C. 20044-4390

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this was executed on September 26, 2002 in Huntington Park, California.

*Tina Garcia*
Tina Garcia